UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                     Case No.11-20078
-vs-                                   HON AVERN COHN

D-1, TARIQ MAHMUD,

    Defendant.

_____/

## MEMORANDUM ON SENTENCING

On July 16, 2012, the Court sentenced defendant to a custody term of 84 months, on a jury verdict of guilty of multiple health care fraud counts, to be followed by 2 years of supervised release. The Court also ordered defendant to pay restitution in the amount of $1,838,262.03, jointly and severally with others.

At sentencing, the Court briefly described defendant's criminal activity as follows:

> This case is a bit puzzling. There is no explanation in the record of how Comprehensive Rehab Services obtained approval of a provider number by Medicare, while at the same time it was rejected by Blue Cross Blue Shield of Michigan as a participating provider.
>
> The conduct of defendant and his control of Comprehensive was blatantly illegal. As the owner, operator and sole employee other than his wife of Comprehensive, defendant purported to run a health care business providing therapy services to hundreds of beneficiaries. The therapy services were a sham as was the operation of the company.

> The defendant was in the business of purchasing pre-packaged falsified occupational and physical therapy files that were used as the basis of claims submitted to Medicare.
>
> As established by the evidence at trial, defendant knew that the pre-packaged files purchased by Comprehensive after the date of the therapy did not in fact reflect any real therapy. The files had been created solely by corrupt therapists using beneficiary information purchased with drugs and cash from impoverished Medicare recipients in homeless shelters and on the streets of Detroit. The doctors who purported to order the services never saws the patients; the therapists never treated them; and the patients never received the care reflected. The sole function of Comprehensive was a billing mechanism for false therapy files created by third party companies so defendant and his co-conspirators could profit from the false files. Comprehensive neither provided nor supervised any actual care to patients, nor did the third parties, and defendant knew this. In return for acting as a billing mechanism for third parties, defendant received a percentage of the gross revenues from Medicare and disbursed the remainder to the third parties who created the files.

The Court concluded the sentencing hearing with the observation that it would have been helpful had the government provided the Court with

- an overview of the Medicare fraud cases prosecuted in the Eastern District of Michigan during recent years; and

- the mechanisms in place today to detect fraudulent activity by Medicare providers such as occurred here.

Post-sentencing the government lodged with the Court

> The Department of Health and Human Services and The Department of Justice Health Care Fraud and Abuse Control Program Annual Report for Fiscal Year 2011

2

The Annual Report contains a description of Medicare fraud cases concluded in the fiscal year 2011 in the Eastern District of Michigan, and a description of initiatives in place to detect Medicare fraud in its earliest stages.

The Court is satisfied that the government has adequately responded to its concerns.

Dated: July 25, 2012        s/Avern Cohn
　　　　　　　　　　　　　　AVERN COHN
　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 25, 2012, by electronic and/or ordinary mail.

　　　　　　　　　　　　　　 s/Julie Owens
　　　　　　　　　　　　　　Case Manager, (313) 234-5160