UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                                                Case No. 11--20078
                                                                HON. AVERN COHN

TARIQ MAHMUD,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR MODIFICATION OF AN IMPOSED TERM OF PRISON (Doc. 182)

I.

This is a criminal case.  Defendant Tariq Mahmud seeks reduction of his sentence on the grounds that the 2015 amendments to the United States Sentencing Guidelines retroactively apply to him and, so applied, call for a lesser offense level for the intended loss and therefore result in a lower sentencing range.  The government, at the Court's request, filed a response contending that the motion should be denied for lack of merit.  (Doc. 183).  For the reasons that follow, the motion is DENIED.

II.

In 2012, defendant was convicted by a jury of one count of health care fraud conspiracy and six counts of health care fraud.  The presentence investigation report recommended an 18-level enhancement to the base offense level based as a consequence of finding of the intended loss being over $2.5 million.  This resulted in an offense level of 30.  With a criminal history category of I, the presentence investigation report calculated defendant's guideline range as 97 to 121 months.

At sentencing, however, the Court found the intended loss from the fraud was $1,810,535.23.2.  This resulted in a 16-level enhancement for a fraud loss based on a loss greater than $1 million but less than $2.5 million.  With the 16-level enhancement, the offense level was 28.  With a criminal history category of I, the revised guidelines range was 78 to 97 months.  Defendant was sentenced to 84 months.

On November 1, 2015, the Sentencing Commission amended the fraud loss table, changing the basis for a 16-level enhancement fraud from a loss greater than $1 million but less than $2.5 million to a loss of greater than $1.5 million but less than $3.5 million.

### III.

18 U.S.C. § 3582(c)(2) provides in relevant part:

(1) In General.-In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).  As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) Exclusions.-A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if-
(A) none of the amendments listed in subsection (c) is applicable to the defendant; or
(B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

### IV.

The government contends that the motion should be denied because (1) it is based on the false premise that the Court found the fraud loss was over $2.5 million and applied an 18-level enhancement, (2) the Sentencing Commission did not make the

amended fraud loss table retroactive, and (3) even if the amended table applied to defendant, his sentence would not be lowered. All of these arguments are well-taken.

First, it is incorrect to say that an 18-level enhancement was applied. Rather, the presentence investigation report recommended an 18-level enhancement. This was rejected and a 16-level enhancement was instead applied after concluding that the intended loss was approximately $1.8 million.

Second, the Sentencing Commission did not make the amended loss table retroactive. Amendment 791 revised the loss table. Amendments specified by the Sentencing Commission as retroactive do not include Amendment 791.

Finally, even if the amended loss table was retroactive, this would not alter the offense level. As noted above, the loss was $1,810,535.23. This amount of loss results in the same 16-level enhancement (+16 for losses greater than $1.5 million, but less than $3.5 million).

Accordingly, defendant is not entitled to relief under section 3582(c).

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: May 26, 2016
      Detroit, Michigan